IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTICT OF TEXAS
DALLAS DIVISION

WAYNE H. NORMAN
Plaintiff,

CIVIL NO. 3:11-CV-1416-P

V.

NORTHLAND GROUP, INC.,
Defendant,

## **RESPONSE TO DEFENDANT'S MOTION TO DISMISS**

TO THE HONORABLE JUDGE OF THIS COURT:

COMES NOW Plaintiff, Wayne H. Norman, files this Response to Defendants Motion to Dismiss. Plaintiff respectfully moves the Court to deny Defendant's Motion because the Complaint states a claim for which relief can be granted under Fed. R. Civ. P. 12(b)(6). In support of the Response, plaintiff attaches a Memorandum, as well as a proposed order in support of Plaintiff's Response to Defendants Motion to Dismiss.

Respectfully submitted

Wayne H. Norman

2803 Riverside Parkway Apt. 806

Grand Prairie, Texas 75050

(817) 899-0460

By: /s/ Wayne H. Norman

Wayne H. Norman

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTICT OF TEXAS
DALLAS DIVISION

WAYNE H. NORMAN
Plaintiff,

CIVIL NO. 3:11-CV-1416-P

V.

NORTHLAND GROUP, INC.,

Defendant,

## MEMORANDUM IN SUPPORT OF PLAINTIFFS RESPONSE TO DEFENDANTS MOTION TO DISMISS

## STANDARD OF REVIEW

Defendant moves the Court to dismiss Plaintiffs' Complaint pursuant to Fed. R. Civ. P. 12(b)(6). Defendants 12(b)(6) motion is a facial attack challenging the sufficiency of the Plaintiffs' allegations. As such, the Court must assume all facts as alleged in Plaintiffs' Complaint are true. *Davis v Monroe Cty. Bd. of Educ.*, 526 U.S. 629, 633 (1999). Any inferences made or doubts resolved by the Court should be to the Plaintiffs' benefit. *Collins v. Morgan Stanley Dean Witter*, 224 F. 3rd 496, 498 (5th Cir. 2000. A motion to dismiss for failure to state a claim "is viewed with disfavor and is rarely granted." See *id*. At 498 (internal quotes and citations omitted.)

## ARGUMENT

What are the reasons a debt collector would want to pull a consumers credit report? Debt collectors pull reports to assist in collection activities. This is the ultimate reason a debt collector would want to pull a consumers credit report. Debt collectors, however, have also been known to pull consumers credit reports in order to intimidate, harass, or even damage the consumers' credit scores. It was once assumed that as long as the debt collector was pulling the credit report for collection purposes, then it was permissible. Today, however, recent case law has determined otherwise. This fact is widely known throughout the ACA International community, (The Association of Credit and Collection Professionals) in which the defendant (NG) is a member. Yet, in spite of this fact, collection agencies like Northland Group, Inc. and others continue to blatantly disregard these provisions and recklessly trample upon the statutes that provide consumer protections.

In this case, the defendant (NG) admits to obtaining a credit report from the plaintiff by "<u>performing the service of collecting on the account in question</u>." Section 1681b(a) of the Fair Credit Reporting Act ('FCRA") authorizes the furnishing of credit reports for a limited number of purposes. Section 1681(a)(3)(A) limits the furnishing of reports 'in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of the consumer." In <u>*Pintos v Pacific Creditors Association* 504 F. 3d 792 (9th Cir 2007)</u> and <u>605 F. 3d 672 (9th Cir 2010)</u>, the Court noted that this section does not provide that all "account collection" is a permissible purpose for obtaining credit reports. Instead, this section is limited to collections on an account "in

connection with a credit transaction involving the consumer." 15 USC section 1681(a)(3)(A), and *504 f. 3d at 798.*

In order to determine whether the Defendant, (NG) had a permissible purpose, the Court has to analyze the terms used in Section 1681b(a)(3)(A). The Court must focus on the definition of the term "credit transaction," noting that the original Act did not define the term "credit." Congress however, amended the FCRA in the Fair and Accurate Credit Transaction Act of 2003, defining credit as "the right granted by a *creditor* to a debtor to defer payment of debt or to incur debts and defer its payment or to purchase property or services and defer payment thereof." *504 F. 3d at 798*. The record will reflect that (NG) is not a *creditor*. In *Pintos*, the Court held that a "credit transaction" requires "voluntary consumer participation," noting "[a] consumer who chooses to initiate a credit transaction implicitly consents to the release of his or her credit report for related purposes." *504 F. 3d at 799*. Thus, the act "forges a direct link" between the consumers search for credit and the protection sought by the Act. The two critical elements are "voluntary" and "direct participation."

In this case, the plaintiff did not voluntarily seek *credit* form Northland Group, Inc. The plaintiff did not have a *direct participation* with Northland Group in seeking *credit*, *purchasing property*, or *other services*. Additionally, Northland Group did not offer "*credit*" to plaintiff. In fact, Northland Group, Inc. is not a *creditor*. Therefore, since the underlying alleged debt was not a result of a voluntary credit transaction or a direct participation between the plaintiff and Northland Group, Inc., Northland Group did not have a permissible purpose in pulling the credit report for collection purposes. The defendant erroneously claims that, "they *would have* the right to access the plaintiff's credit report either in utilizing the information as a potential investor or in servicing the account which they now own." The defendants claim is without merit because it

states a possibility and fails to show or give a factual claim. However, the record speaks for itself; the defendant's intention was to pull plaintiffs credit report for collection purposes.

## **CONCLUSION**

The plaintiff has shown that the Complaint states a claim based on violations of the Fair Credit Reporting Act, ("FCRA") 15 USC section 1681 et seq. and the Fair Debt Collections Practices Act, ("FDCPA") 15 USC section 1692e.  The defendant violated these protective provisions by obtaining a credit report without a permissible purpose and by using false and deceptive representation in connection with the collection of the alleged debt.

Respectfully submitted,

By: /s/Wayne H. Norman

Wayne H. Norman

2803 Riverside Parkway Apt. 806

Grand Prairie, Texas 75050

(817) 899-0460

whnorman@hotmail.com

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTICT OF TEXAS
DALLAS DIVISION

WAYNE H. NORMAN
Plaintiff,

CIVIL NO. 3:11-CV-1416-P

V.

NORTHLAND GROUP, INC.,
Defendant,

## CERTIFICATE OF SERVICE

I hereby certify that on August 17, 2011, I electronically filed the foregoing with the clerk for the U.S. District Court, Northern District of Texas, using CM/ECF system which will send notification to case participants registered for electronic notice.  I further certify that I have served all case participants not registered for electronic notice by another manner authorized by Federal Rule of Civil Procedure 5(b)(2), including the following:


Amy L. Mitchell

210 Main St.

Richmond, TX. 77469

(281) 341-1718

amitchell@mitchellandduff.com

Cory Halliburton

3030 Matlock Rd. Ste. 201

Arlington, TX. 76015

(817) 795-5046

challiburton@wkpz.com

FOR THE NORTHERN DISTICT OF TEXAS
DALLAS DIVISION

WAYNE H. NORMAN
Plaintiff,

CIVIL NO. 3:11-CV-1416-P

V.

NORTHLAND GROUP, INC.,
Defendant,

## **ORDER TO DISMISS DEFENDANTS MOTION TO DISMISS**

On this date, the Court considered the Response to Defendants Motion to Dismiss.  The Court is of the opinion that the referenced motion should be GRANTED.

IT IS THEREFORE ORDERED that this cause of action is GRANTED.

SIGNED this_____day of _____, 2011

_____

Judge Jorge A. Solis

United States District Judge