IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

WAYNE H. NORMAN,                            §
                                            §
                    Plaintiff,              §
                                            §
v.                                          §          3:11-CV-1416-P
                                            §
NORTHLAND GROUP, INC.,                      §
                                            §
                    Defendant.              §

## **ORDER**

Now before the Court is Defendant's Motion to Dismiss pursuant to Rule 12(b)(6), filed on August 15, 2011.  (Doc. 9.)  Plaintiff filed a Response on August 17, 2011.  (Doc. 12.)  No Reply was filed.  After reviewing the parties' briefing, the evidence, and the applicable law, the Court GRANTS Defendant's Motion to Dismiss.

## I.   Background

On June 28, 2011, Plaintiff Wayne Norman ("Plaintiff") filed a *pro se* suit against debt collection business Northland Group, Inc. ("Defendant") for violations of the Fair Credit Reporting Act ("FCRA"), § 15 U.S.C. § 1681 *et seq.* and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 *et seq.*  Plaintiff alleges Defendant violated 15 U.S.C. § 1681 *et seq.* and 15 U.S.C § 1692e "by obtaining without any FCRA-sanctioned purpose, and without authorized consent" his credit report from a credit reporting agency.  (Compl. at ¶ 12.)

## II.  Legal Standard & Analysis

### A.  *Pro se* parties

The Court initially notes that Plaintiff proceeds pro se.  Accordingly, his complaint and pleadings will not be held to the same standard as an attorney.  While Plaintiff is not excused

from pleading and providing evidence, "[he] should not be punished for lacking the skills of a trained lawyer, rather, courts have adopted the rule that the briefs and allegations of pro se litigants should be construed liberally." *Coins v. Potter*, No. 3:04-CV-1623-P, 2005 U.S. Dist. LEXIS 26662, at *5 (N.D. Tex. Nov. 3, 2005); *see also Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Perez v. United States*, 312 F.3d 191, 194-95 (5th Cir. 2002).

### B.  12(b)(6) Standard

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint when a defendant shows that the plaintiff has failed to state a claim for which relief can be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal v. Ashcroft*, - - - U.S. - - - 129 S. Ct. 1937, 1949 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The factual matter contained in the complaint must allege actual facts, not legal conclusions masquerading as facts.  *Id.* at 1949-50 ("Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we 'are not bound to accept as true a legal conclusion couched as a factual allegation.'") (*quoting Twombly*, 550 U.S. at 555).

Additionally, the factual allegations of complaint must state a plausible claim for relief. *Id.*  A complaint states a "plausible claim for relief" when the factual allegations contained therein infer actual misconduct on the part of the defendant, not a "mere possibility of misconduct." *Id.*; *see also Jacquez v. Procunier*, 801 F.2d 789, 791-92 (5th Cir. 1986).  Again, courts liberally construe pro se pleadings in favor of the pro se party. *Erickson v. Pardus,* 551 U.S. 89, 127 (2007).

## C. FCRA

"Congress enacted the FCRA in 1970 to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007); *see also Wilting v. Progressive County Mut. Ins. Co.*, 227 F.3d 474, 475 (5th Cir. 2000) (per curiam) (FCRA governs reporting of consumer credit information and permissible use of credit reports). Section 1681b provides that a credit report may be obtained "in connection [with a] review or collection of an account of[] the consumer..." § 1681b(a)(3)(A). It also may be obtained when the consumer reporting agency has reason to believe the individual has "a legitimate business need for the information...to review an account to determine whether the consumer continues to meet the terms of the account." § 1681b(a)(3)(F(ii).

Here, Plaintiff alleges that Defendants obtained his credit report without his permission and without any FCRA-sanctioned purpose. (Compl. at ¶ 12.) However, the FCRA allows the furnishing of a credit report in numerous situations, including in connection with the "collection of an account." 15 U.S.C. § 1681b(a)(3)(A). Here, it appears that Defendant, a debt collection agency, obtained Plaintiff's credit report in connection with a debt collection action. Plaintiff does not contest this and the evidence he includes in his Complaint supports that Defendant is collecting on a credit transaction. (Pl.'s Ex. 3.) Thus, Plaintiff has not alleged any facts that support his contention that Defendant obtained his credit report without any FCRA-sanctioned purpose.

Plaintiff also points to a Ninth Circuit case, *Pintos v. Pacific Creditors Assoc.*, 504 F.3d 792 (9th Cir. 2007) as further support for his position. Plaintiff alleges that *Pintos* stands for the proposition that only a "judgment creditor" has a permissible purpose to receive a consumer

report and that since Defendant is not a "judgment creditor" and did not have Plaintiff's consent, Defendant violated the FCRA. (*Id.* at ¶ 10.) First, *Pintos* does not stand for the proposition Plaintiff asserts. The FCRA specifically allows for credit reports to be obtained in situations that do not involve a "judgment creditor." Moreover, *Pintos* is an entirely different situation than the one at hand, as the court in *Pintos* found the plaintiff was not a participant in a credit transaction. Here, Plaintiff was involved in a credit transaction and the debt collection agency is now attempting to collect on that account.   Plaintiff argues that because he did not voluntarily seek credit from Defendant, it cannot pull the credit report for collection purposes. This is inaccurate as the statute does not require such credit relationship.   Instead, Defendant is attempting to collect on Plaintiff's account and obtained the credit report in that capacity, a situation explicitly contemplated in the FCRA.

Accordingly, Plaintiff has not alleged facts that state a plausible claim for relief.

### D. FDCPA

Plaintiff also alleges Defendant violated 15 U.S.C. §1692e.  15 U.S.C. §1692e details Congress' purpose for the Fair Debt Collection Practices Act; namely, to eliminate abusive debt collection practices. This is not a cause of action. Additionally, while the FDCPA does provide for civil liability, Plaintiff has not presented any facts that suggest that Defendant violated the FDCPA.

Accordingly, the Court GRANTS Defendant's Motion to Dismiss.

### III.   Conclusion

For the foregoing reasons, the Court GRANTS Defendant's Motion to Dismiss.

**IT IS SO ORDERED.**

Signed this ___4th___ day of ~~December, 2010.~~ January 2012

JORGE A. SOLIS
UNITED STATES DISTRICT JUDGE